IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE LEE JENNINGS | ) | CASE NO. 1:10CV1078 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| SHERRI WALSH, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Ronnie Lee Jennings filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983. The defendants are Sherri Walsh, Summit County, Ohio Prosecutor, Nancy Mercurio, Assistant Summit County Prosecutor, Judge Judith Hunter, Summit County Common Pleas Court Judge, Judge Carla Moore. Ohio Ninth District Court of Appeals Judge, James Gilbride, Akron, Ohio Police Officer, William Bosak, Detective with the Akron, Ohio Police Department, Daniel Horrigan, Summit County Common Pleas Clerk of Courts and Alicia Foot, the complainant in Plaintiff's criminal case.

On February 5, 2004, Plaintiff was found guilty after a jury trial in the Summit County Common Pleas Court of kidnapping, R.C. 2905.01(A)(4), attempted rape, R.C. 2907.02(A)(2), abduction, 2905.02(A)(2), and gross sexual imposition, R.C. 2907.05. *State of Ohio v. Jennings*, Case No. CR 03 09 2933. He was sentenced to a term of imprisonment of 9 years and found to be a sexual predator.

The allegations of the Complaint arise out of Plaintiff's criminal conviction. He asserts that he was denied a fair trial because of perjury, fraud, false statements, obstruction of justice, evidence tampering and conspiracy, all in violation of the Fourteenth Amendment to the United States

Constitution. Plaintiff seeks a declaration that Defendants violated the Ohio Revised Code, i.e., R.C. 2921.11 and R.C. 2921.32, an injunction ordering the Summit County Clerk's Office to turn over audio tapes to this Court and that a handwriting expert be appointed to examine certain documents. Also before the Court is Plaintiff's Motion for Appointment of Counsel. (ECF 3).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Although Plaintiff is asserting that Defendants are criminally liable, the facts set forth in the Complaint clearly constitute an instance where a court decision would express an opinion as to the validity of Plaintiff's conviction, as any opinion by this court on the issue he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the Plaintiff essentially challenges the legality of his conviction. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973); *Kuehne v. Foley*, 2009 WL 1045897 * 2 (S.D. Ohio, Apr. 20, 2009), *cert. denied*, 130 S.Ct 342 (2009).

Judge Moore, a court of appeals judge, allegedly failed to respond to his notice that he had filed a criminal complaint and thereby participated in the alleged conspiracy. Plaintiff asserts that

2

Judge Hunter, a common pleas court judge, presided over his biased trial. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judges Moore and Hunter acted outside the scope of their official duties.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor Walsh and Assistant Prosecutor Mercurio were acting outside of the scope of their responsibilities.

Plaintiff alleges that Defendant Horrigan failed to appropriately file an official document and intentionally mis-lead him into believing that in order to file a criminal complaint, one must first file a Petition for Reclassification. Defendant Horrigan, as Summit County Clerk of Courts is entitled to absolute immunity when performing judicial functions even if acting erroneously, corruptly or in excess of jurisdiction. *Bolling v. Garrett*, 2008 WL 2610234 * 2 (E.D. Mich., Jun. 30, 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)). His alleged conduct is within his official responsibilities. Thus, he is not a proper party to this action.

3

Accordingly, Plaintiff's Motion for Appointment of Counsel is denied. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith

    IT IS SO ORDERED**.**

Date:   July 22, 2010                              s/Christopher A. Boyko
                                                     JUDGE CHRISTOPHER A. BOYKO
                                                     UNITED STATES DISTRICT JUDGE